The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott M. Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Hartford Accident Indemnity Company was the compensation carrier on the risk.
4. On 17 March 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
5. Defendants paid temporary total disability compensation for a period of 15 weeks from 17 March 1993 through 29 June 1993.
6. Defendants paid medical treatment to the plaintiff totaling $2,643.62.
7. Defendants filed Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, which was approved by the North Carolina Industrial Commission on 25 May 1993.
8. Plaintiff's average weekly wage at the time of the injury of 17 March 1993 was $269.80, yielding a compensation rate of $179.88.
9. Plaintiff returned to work for defendant-employer on 24 June 1993.
10. Various medical documents, including the medical records concerning plaintiff from Dr. Sanitate, Dr. Vyas, Dr. Boone, Dr. Whitehurst, Dr. Wilfong, Dr. Weaver and Dr. Rao, are stipulated into evidence.
* * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of P. K. Vyas, M.D., and Scott Sanitate, M.D., are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 17 March 1993, plaintiff was employed by defendant-employer as a store manager, where she sustained a compensable on-the-job injury to her back.
2. As a result, the parties entered into Industrial Commission Form 21, Agreement for Compensation for Disability, which was approved by the Industrial Commission on 15 April 1993.
3. Following plaintiff's compensable injury, plaintiff received medical treatment from various doctors, including Dr. Sanitate, Dr. Vyas and Dr. Nelson.
4. Plaintiff initially returned to work on 8 April 1993, being released by Dr. Nelson, an orthopedic surgeon.
5. On 29 April 1993, Dr. Nelson took plaintiff back out of work, and referred her to a physical medicine and rehabilitation specialist, Dr. Sanitate.
6. Dr. Sanitate, upon referral from Dr. Nelson, examined plaintiff on 8 June 1993. At that time, plaintiff could return to work on 11 June 1993 at her regular job, at her regular duties; with the only restriction being that plaintiff cannot lift in excess of twenty-five pounds.
7. At that time, work was available and offered to plaintiff with defendant-employer within plaintiff's restrictions.
8. Plaintiff, however, resigned her position with defendant-employer on 13 July 1993.
9. In the opinion of the undersigned, plaintiff's refusal to return to her employment on 13 July 1993 was not justified.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. If an injured employee refuses employment procured for her suitable to her capacity, she shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the Industrial Commission such refusal was justified. N.C. Gen. Stat. § 97-32.
2. In the opinion of the Industrial Commission, plaintiff's failure to return to work on 11 June 1993 was a refusal to accept employment proffered by defendant-employer, and was not justified. N.C. Gen. Stat. § 97-32.
3. As a result of plaintiff's unjustified refusal, the approval on 25 May 1993 of Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, was not improvidently allowed, and plaintiff is entitled to no further compensation as a result of her compensable injury on 17 March 1993. N.C. Gen. Stat. § 97-32; N.C. Gen. Stat. § 97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for further compensation as a result of her compensable injury on 17 March 1993 must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS:bjp